UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACIE T.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-1450-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).[1] Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] The ALJ decision states that Plaintiff voluntarily elected to withdraw her request for a hearing on the DIB application, and that the ALJ thereby dismissed the DIB claim and thus resolved only her SSI application in the remainder of the decision. AR 19-20. The Appeals Council thereafter granted Plaintiff's request for review, finding that Plaintiff did not withdraw her request for a hearing, but instead amended her alleged onset date to after her date last insured, which would support a denial of the DIB claim. AR 4-8. The Appeals Council otherwise adopted the ALJ's findings in issuing its own decision. *Id*.
    Because the Appeals Council adopted the ALJ's findings related to the sequential evaluation, specifically the findings challenged in this case, the Court will hereinafter refer to the ALJ's reasoning in resolving Plaintiff's assignments of error, while acknowledging that the Appeals Council's decision represents the final decision of the Commissioner.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

# BACKGROUND

Plaintiff was born in 1972, has a GED and training as a certified nursing assistant, and has worked as a consumer resource developer, cashier, and work-release program monitor. AR 514, 532. Plaintiff was last gainfully employed in 2008. AR 514.

In February 2018, Plaintiff applied for benefits, with an amended alleged onset date of November 16, 2016. AR 456-66. Plaintiff's SSI application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 253-56, 262-66. After the ALJ conducted hearings in July and November 2019, at which Plaintiff appeared unrepresented (AR 42-106), the ALJ issued a decision finding Plaintiff not disabled. AR 228-39.

The Appeals Council granted Plaintiff's request for review, and remanded the case to the ALJ for additional proceedings with instructions to thoroughly address Plaintiff's right to representation. AR 245-49. On remand, the ALJ held a hearing in May 2021 where Plaintiff again appeared unrepresented (AR 107-19), but Plaintiff obtained representation for a subsequent hearing in December 2021 (AR 120-57). The ALJ thereafter issued a decision finding Plaintiff not disabled. AR 19-33.

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

**Step two**: Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, posttraumatic stress disorder, substance abuse in remission, obstructive sleep apnea, obesity, and degenerative disc disease.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**Residual Functional Capacity**: Plaintiff can perform light work with additional limitations: she can remember, understand, and carry out simple and routine instructions and tasks consistent with the learning and training requirements of jobs with a Specific Vocational Preparation level of one and two.  She cannot have contact with the public.  She can work in proximity to but not in coordination with co-workers.  She can have occasional contact with supervisors.  She is limited to occasional stooping and crouching.  She cannot crawl, kneel, or climb ramps, stairs, ropes, ladders, or scaffolds.  She cannot work at heights or in proximity to hazardous conditions.

**Step four**:  Plaintiff cannot perform her past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-33.

The Appeals Council granted Plaintiff's request for review and ultimately adopted all of the ALJ's findings as to the sequential evaluation, as discussed *supra*, note 1.  AR 1-8, 449-53.  Plaintiff appealed that final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The Court will address each disputed opinion in turn.

**A.    Geordie Knapp, Psy.D. & Holly Petaja, Ph.D.**

Dr. Knapp examined Plaintiff in November 2016 and November 2017, completing DSHS form opinions on both occasions that indicate several disabling mental limitations. AR 611-20. The ALJ found those opinions unsupported by Dr. Knapp's examination findings, and inconsistent with Plaintiff's ability to complete a residential treatment program for substance abuse as well as her efforts to obtain housing and custody of her son. AR 30-31.

The ALJ's supportability finding is not supported by substantial evidence.  Both sets of Dr. Knapp's examination findings identify many abnormalities that support the limitations Dr. Knapp identified.  AR 611-20.  The ALJ did not explain why such abnormalities would not support the limitations identified by Dr. Knapp, and the Court finds no such explanation apparent.

Likewise, the ALJ's consistency finding is not supported by substantial evidence.  Although the ALJ accurately described Plaintiff's circumstances around the time of Dr. Knapp's examinations, Dr. Knapp was aware of those factors as well (AR 611-20) and there is nothing to support the ALJ's suggestion that Plaintiff's substance-abuse treatment and efforts to obtain housing and custody of her son contradicts Dr. Knapp's opinion.  Although the Commissioner reiterates the ALJ's finding that Plaintiff's treatment, housing, and custody-related activities were inconsistent with Dr. Knapp's opinions (Dkt. 20 at 4), simply repeating the conclusory finding does not show that those activities are in fact inconsistent with the workplace limitations described in Dr. Knapp's opinions.

Because the ALJ's consistency and supportability findings are erroneous, the ALJ erred in finding Dr. Knapp's opinions unpersuasive on those bases.  And because Dr. Petaja's opinion is based entirely on Dr. Knapp's 2017 opinion and adopts identical limitations (AR 622-24), the ALJ's error with respect to Dr. Knapp's opinion infects the ALJ's assessment of Dr. Petaja's opinion as well.  *See* AR 31.  On remand, the ALJ shall reconsider the opinions of Drs. Knapp and Petaja.

B.   **Deborah Gaebler, ARNP**

In October 2019 Ms. Gaebler, Plaintiff's treating provider, completed a DSHS form opinion describing more extreme mental limitations than as found by Dr. Knapp.  *See* AR 1693-

98. The ALJ found this opinion unpersuasive because it was unsupported by the contemporaneous mental status examination findings, and inconsistent with the longitudinal record, which shows Plaintiff's improvement with treatment and sobriety. AR 31.

Ms. Gaebler's contemporaneous mental status examination findings are generally normal, which supports the ALJ's supportability finding. *See* AR 1697-98. Although Plaintiff points to other examination findings, including Ms. Gaebler's own findings during treatment appointments, indicating that Plaintiff felt or appeared anxious, tired, tearful, or depressed during appointments, such findings do not necessarily corroborate the existence of the disabling functional limitations identified in Ms. Gaebler's opinion. Dkt. 13 at 7. It is not clear, for example, that Plaintiff's reportedly anxious or depressed mood would result in a severe limitation in Plaintiff's ability to make simple work-related decisions. *See, e.g.*, AR 1695. Ms. Gaebler found that Plaintiff did not have any deficits as to judgment in the examination contemporaneous to the opinion (AR 1698), and elsewhere in the decision the ALJ cited other examinations where Plaintiff also demonstrated intact judgment. *See* AR 28. Plaintiff has not shown that the ALJ cherry-picked evidence to find Ms. Gaebler's opinion unsupported, and the Court finds no error in the ALJ's supportability finding.

Because the ALJ's supportability finding supports the ALJ's assessment of Ms. Gaebler's opinion, any error in the ALJ's consistency finding is harmless. *See Woods*, 32 F.4th 785, 793 n.4 (9th Cir. 2022) (finding that even if an opinion is supported, an ALJ may properly find it unpersuasive because it is inconsistent with the record). The Court therefore affirms the ALJ's assessment of Ms. Gaebler's opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the opinions of Drs. Knapp and Petaja.

Dated this 23rd day of May, 2023.

S. KATE VAUGHAN
United States Magistrate Judge